IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Khalilah Najwa Joyner, | ) | C/A No.: 3:17-2089-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Dr. Michael Kim, Family Medicine Dr.; | ) | |
| Dr. Michael Savino, Emergency Room | ) | |
| Dr.; and The United States Army, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Khalilah Najwa Joyner ("Plaintiff"), proceeding pro se, filed this action against Dr. Michael Kim ("Kim"), Family Medicine physician, Ireland Army Health Clinic; Dr. Michael Savino ("Savino"), Emergency Room physician, Ireland Army Health Clinic; and the United States Army (collectively "Defendants"), alleging a medical malpractice/negligent diagnosis claim. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, the undersigned recommends that the district judge dismiss this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

In the statement of the claim portion of the complaint, Plaintiff states the following:

> Went to Dr. Kim, who was my primary care provider because I saw blood, mucus and thin/narrow stool and he misdiagnose me with constipation in

December 2014. Then in Mar 2015 I was in pain and saw blood in my stool and my rectum area was hurting. I called the triage nurse hotline and was told to go directly to the emergency room. I saw Dr. Savino who diagnose me with hemorrhoids. After continuing to seek care with no improvement I was referred out to a GI specialist who diagnosed me with stage 3B rectal cancer.

[ECF No. 1 at 8]. Plaintiff states she has to wear a permanent colostomy bag, is unable to bear children, and is being discharged from the Army. *Id.* Plaintiff seeks monetary damages. *Id.*

II.     Discussion

A.      Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

Plaintiff seeks to have her claims against Defendants, a United States agency and its employees, heard pursuant to the court's diversity jurisdiction, 28 U.S.C. § 1332(a). However, these Defendants are immune from suit brought pursuant to the court's diversity jurisdiction. *See United States v. Sherwood*, 312 U.S. 584, 586, (1941) (noting the United States, as sovereign, is immune from suit except as it consents to be sued); *Whittel v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (finding the principles of sovereign immunity extend to the sovereign's agencies, including departments of the United States military). Although 28 U.S.C. § 1332 establishes original jurisdiction for claims meeting the criteria for diversity jurisdiction, § 1332 does not provide for a waiver of sovereign immunity. *See McMillan v. Dep't of the Interior*, 907 F. Supp. 322, 326 (D. Nev. 1995); *Greenwich v. Mobil Oil Corp.*, 504 F. Supp. 1275, 1278 (D.N.J. 1981). (finding § 1332 does not authorize suits against the United States or its agencies). Plaintiff must therefore proceed with her medical malpractice/negligence claim under the Federal Torts Claim Act ("FTCA").

3

The FTCA waives sovereign immunity and allows suits against the United States for personal injuries caused by government employees acting within the scope of their employment. 28 U.S.C. § 1346. Under the FTCA, a plaintiff may recover a monetary award from the United States for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope . . . of employment." 28 U.S.C. § 1346(b). This includes claims under the FTCA for medical malpractice. *See Littlepaige v. U.S.*, 528 F. App'x 289, 291–92 (4th Cir. 2013).

The FTCA requires Plaintiff to exhaust her administrative remedies through the appropriate agency before bringing suit. 28 U.S.C. § 2675(a). The FTCA states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The presentment of an administrative claim is jurisdictional and cannot be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

Plaintiff's complaint does not allege she has presented an administrative claim for purposes of compliance with the FTCA. Because the court lacks subject matter jurisdiction over a federal tort suit when a plaintiff has failed to exhaust her administrative remedies, Plaintiff's complaint is subject to summary dismissal.[1]

---

[1] Plaintiff's complaint is also subject to summary dismissal because the United States is the only proper defendant in a FTCA claim, *see* 28 U.S.C. 1346(b)(1). Plaintiff's complaint asserts claims against a United States agency and its employees who may not be sued under the FTCA. *See* 28 U.S.C. §2679(b)(1) (personal capacity suits against

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the

complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 15, 2017                                    Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

employees are not cognizable under the FTCA); 28 U.S.C. § 2679(a) (agencies cannot be
sued under the FTCA).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).